ROCKAWAY ROLLING MILL,

*v.*

THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY.

[Decided February 1st, 1932.]

*Mr. Frederic B. Scott,* for the appellant.

*Mr. Edward P. Stout,* for the respondent.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

This is an appeal from a final decree ordering the issuance of a mandatory injunction requiring the railroad company to restore and keep in repair a suitable wagon-road crossing over its railway where it intersects complainant's land in the borough of Rockaway, so that the latter might exercise its legal right to pass over the defendant's railway from one part of its (complainant's) land to the other. The decree also awarded a counsel fee to the complainant.

When the case came on to be heard before the court of chancery upon bill, answer and affidavits, a preliminary injunction was granted restraining the railroad company from continuing to obstruct this wagon-road across its tracks until the question of the respective rights of the parties with relation thereto should be settled by an action at law. The facts upon which this judicial action was based are fully set out in the opinion of this court (*103 N. J. Eq. 297*) on the appeal taken by the railroad company from the order directing the issuing of the preliminary injunction. In due course a suit at law was instituted by the Rockaway Rolling Mill against the railroad company to determine the question of the existence of the easement of way claimed by the complainant and its character, and the trial resulted in a determination that the right of the complainant to cross the railway of the defendant company was an absolute and not a permissive one, as was claimed by the latter. After this judgment was rendered in the law court, the complainant filed a petition in the court of chancery setting forth the recovery of the judgment by it against the railroad company, and praying that the cause be brought to a hearing for fur-

ther directions in accordance with the interlocutory decree and that the relief prayed for by the complainant in its bill of complaint be granted. The defendant filed an answer to this petition. The matter came on to be heard, and at the conclusion of the hearing the decree appealed from was entered.

The first ground upon which we are asked to reverse the decree now under review is that it is erroneous because it determines matters and things not alleged or set up in the complainant's bill of complaint. The argument in support of this ground for reversal is that the complainant in its bill rested its right to the relief sought on the retention by one Estile, its predecessor in title, of a right of crossing over the railway which was reserved to a landowner when the company acquired by condemnation a strip of land for a right of way bisecting the tract now owned by the respondent. Counsel for the appellant, however, overlooks the fact that the railroad company was not content to deny that any such right was vested in Estile and passed to subsequent purchasers of the property, but asserted in addition, as a defense to the suit, that the crossing over its tracks had no existence prior to the year 1915, and that it came into existence at that time by virtue of a contract entered into by the appellant and the International High Speed Steel Company, complainant's immediate predecessor in title, by the terms of which the International High Speed Steel Company was permitted to construct and maintain the crossing, subject to the right of the appellant to revoke the license at its option, and that the crossing was eliminated by the appellant in the exercise of this option. When the action at law was instituted the railroad company set up these facts as a defense to that suit, and one of the questions to be passed upon by the jury was whether or not this crossing was a permissive one, which did not come into existence until the year 1915. The jury found that it was not, and that the crossing had existed for more than twenty years before it was destroyed by the railroad company and that the complainant's right to have it continue was absolute. The defendant having seen fit to raise

this question, it was proper for the court of chancery, upon the return to that court of the judgment of the law court, to pass upon the matter thus litigated by the parties; and, this being so, we conclude that this first ground for reversal is without legal merit.

The next ground for reversal submitted by the appellant is that the final decree is erroneous because it was without justification either in law or in fact. The argument in support of this contention is practically the same as was made by counsel in support of the first ground for reversal. For the reason there stated, we consider that the appellant can take nothing by it.

The last ground for reversal is that the court erred in allowing a counsel fee to the complainant, the argument being that it was without legal justification because it included services rendered in the law court and that the litigation in the latter court was entirely independent of that instituted in the court of chancery. We conclude that this contention also is without merit. In the case of *Delaware, Lackawanna and Western Railroad Co.* v. *Breckenridge, 56 N. J. Eq. 595,* a similar question was presented. In that case at the final hearing it appeared that the complainant's right to equitable relief depended upon its establishing a legal title to the lands there in controversy. Thereupon the court postponed a final adjudication, but granted leave to the complainant to bring an action at law against the defendant to determine the question whether its claim to own the legal title to the land was a valid one. Pursuant to the granting of this leave, the complainant brought an action in the supreme court to try out this question. The trial resulted in a verdict for the plaintiff. In discussing the status of the respective parties, it was declared that, where an action at law and its result are to be considered as simply a step taken in the conduct of the cause and for the purpose of proceeding to a decree therein, the action at law is only the method of trial by which the issue of the legal title originally contested in the bill and answer in the cause is finally settled for the purpose of the equitable relief to be asked thereon. We concur in

this view, and conclude that in the present case the action at law was "a mere step" taken in the litigation in the court of chancery for the purpose of proceeding to a final decree therein; and, this being so, that it was perfectly proper to allow a counsel fee which included compensation for services rendered in the trial of the question of the validity of the complainant's claim in the court of law.

For the reasons indicated, we conclude that the judgment under review should be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.

*For reversal*—None.